*193 EDWARDS, J.,
Dissenting in Part.
|,I respectfully dissent from the portion of the majority opinion that finds no abuse of discretion on the trial court’s denial of a recess. In my opinion, the majority contradicts itself in stating initially that the defense subpoenaed witnesses who might be called to testify as to the defendant’s presence at Mike’s Bar, then finding that the defense failed to state the facts to which Ms. Robinson would testify. Further, the witness had been personally served on May 15, 2006, and, on the facts of this case, it is reasonable to conclude she could be personally served on a subsequent occasion. Finally, in light of her known location, it is reasonable to conclude that the witness could be arrested and brought to court. A witness’ contumacious failure to appear after service constitutes direct contempt of court and the court may order that the witness be attached and brought to court immediately. LSA-C.Cr.P. art. 737. As to LSA-C.Cr.P. art. 709’s third and final requirement for a continuance based on the absence of a witness, the fact that personal service was accomplished establishes that the defendant exercised due diligence in attempting to procure the attendance of this alibi witness.
In this case, if the defense witness had testified as indicated in the Notice of Alibi Witnesses, she would have provided an alibi defense for the defendant. The jury, as the trier of fact, would have been obligated to determine whether the testimony of this witness was credible. If the jury had believed the testimony of the alibi witness, the jury would have believed that the defendant was somewhere | Pelse at the time of the crime. In other words, if the jury had believed the alibi witness, the State would have failed to prove the identity of the defendant as the perpetrator beyond a reasonable doubt.
In light of the personal service on the alibi witness and materiality of her testimony, in my opinion the trial court’s failure to recess violates the provisions governing a continuance in the absence of a witness under LSA-C.Cr.P. art. 709. More importantly, I find that the denial of either a motion to recess or an instanter subpoena violated the constitutional right of the defendant to compulsory process. Such fundamental error requires a reversal of the conviction and a remand to the trial court.
I respectfully dissent and would reverse for the above reasons.